UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MARK JOHNSON,<br>Plaintiff.<br><br>v.<br><br>SOUTH BEND COMMUNITY SCHOOL CORPORATION, DR. KENNETH SPELLS and FRANCOIS BAYINGANA<br>Defendants. | ) | Case No. |

# COMPLAINT

Mark Johnson, by counsel, Nicholas T. Otis of NEWBY LEWIS KAMINSKI & JONES, LLP, states his causes of action against Defendants for damages and equitable relief on account of employment discrimination state:

## Jurisdiction and Parties

1. This action is for damages and equitable relief and is brought by Mark Johnson pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*), and pursuant to the Civil Rights Act of 1991, as amended.

2. Jurisdiction of the United States District Court for the Northern District of Indiana South Bend Division lies pursuant to 42 U.S.C. § 2000e-5(f)(3).

3. All conditions precedent to jurisdiction under Title VII of the Civil Rights Act of 1964 and under the Civil Rights Act of 1991 have occurred or been complied with in that the Plaintiff has timely filed with the Equal Employment

Opportunity Commission ("EEOC") charges of employment discrimination relating to the unlawful employment practices herein alleged.

4. Mark Johnson has received a Notice of Right to Sue from the EEOC. Attached hereto as ***Exhibit A***, is a true and accurate copy of the Notice of Right to Sue received by the Plaintiff Mark Johnson.

5. This complaint has been filed within 90 days of the receipt of EEOC's Notice of Right to Sue.

6. Mark Johnson is a Caucasian male and citizen of the United States and of St. Joseph County, State of Indiana.

7. The Defendant South Bend Community School Corporation ("SBCSC") is a municipal corporation and is formed and organized under the laws of the State of Indiana.

8. SBCSC is a person as that term is defined in 42 U.S.C. § 2000e(a), as amended.

9. SBCSC is an employer as that term is defined in 42 U.S.C. § 2000e(b), as amended.

10. Defendant Dr. Kenneth Spells is an African American and an employee of SBCSC. Defendant Spells is a person as that term is defined in 42 U.S.C. § 2000e(a), as amended.

11. Defendant Francois Bayingana is an African American and an employee of SBCSC. Defendant Bayingana is a person as that term is defined in 42 U.S.C. § 2000e(a), as amended.

12. In calendar years 2016 and 2017, SBCSC employed more than 1,000 employees.

13. Mark Johnson was, at the time of the termination of his employment relationship with the Defendant, an employee as that term is defined in 42 U.S.C. § 2000e(f), as amended, and employed by the Defendant as a teacher and the boys' basketball coach at South Bend Riley High School.

## Statement of the Facts

14. Mark Johnson incorporates Paragraphs 1-13 into his Statement of Facts and further alleges and claims that:

15. Mark Johnson is a Caucasian male.

16. He was a teacher and boys' basketball coach at South Bend Riley High School for 15 years.

17. He was a teacher and coach in the South Bend Community School Corporation for over 30 years.

18. Leslie Wesley is an African American and a member of the School Board of SBCSC.

19. The 2016-2017 basketball season was Mark Johnson's final season as the head coach of South Bend Riley boys' basketball team.

20. Prior to the beginning of the 2016-2017 basketball season South Bend Riley Principal Francois Bayingana directed Mark Johnson to keep a certain number of players on the boys' basketball teams at South Bend Riley.

21. In particular, Mark Johnson was instructed by Principal Bayingana to keep Leslie Wesley's son on the varsity basketball team.

22. Prior to the 2016-2017 basketball season Mark Johnson had never been instructed to keep a certain amount of players or a certain players on his teams.

23. Additionally, SBCSC has four high schools (Adams, Clay, Riley, and Washington), and Mark Johnson is not aware that any other basketball coach in SBCSC was directed to keep a certain amount of players or a certain player on their boys' basketball team during the 2016-2017 school year.

24. Against his wishes, Mark Johnson kept the specific number of players and Leslie Wesley's son on the South Bend Riley teams as directed by Principal Bayingana.

25. Throughout the season Leslie Wesley attempted to usurp Mark Johnson's authority on the basketball team and made various negative comments about Mark Johnson in the community.

26. Additionally, Leslie Wesley even complained to the Indiana High School Athletic Association ("IHSAA") about Mark Johnson's qualifications to serve as the boys' basketball coach at South Bend Riley.

27. This all culminated with Ms. Wesley publicly accusing Mark Johnson of hidden racism on Facebook. Ms. Wesley has since deleted the Facebook post.

28. Additionally, Leslie Wesley's sister, Charan Richards is the head guidance counselor at South Bend Riley. On February 12, 2017, Charan Richards

sent an email to Mark Johnson and carbon copied Principal Bayingana and athletic director Marie Doan, and Ms. Richards stated among other things, "Mark, from [South Bend] LaSalle to [South Bend] Riley you have done African American males (team players) wrong." "I am watching you this year..." "I'm on to you Mark..."

29. Throughout the season Mark Johnson regularly sought guidance and help with addressing the racial allegations made against him by Leslie Wesley and Charan Richards.

30. Specifically, on Sunday, February 12, 2017, in response to Charan Richards' email, Mark Johnson responded to Defendant Principal Bayingana and South Bend Riley athletic director, Marie Doan, and informed them that Mark Johnson believed that Ms. Richards and Ms. Wesley's actions were harassment and hostile to Mark Johnson. Additionally, in that same email pursuant to the SBCSC Anti-Harassment policy Mark Johnson asked for a meeting with his building administrator, Principal Bayingana, to discuss his unlawful harassment complaints.

31. However, Defendant Principal Bayingana did not met with Mark Johnson to discuss or investigate his unlawful harassment complaints.

32. Additionally, Defendant Principal Bayingana failed to follow SBCSC's Anti-Harassment policies.

33. Defendant Dr. Kenneth Spells knew of Mark Johnson's complaints of harassment and failed to investigate and follow SBCSC's Anti-Harassment policies.

34. SBCSC failed to follow its own Anti-Harassment policies.

35. Mark Johnson retired from his teaching and coaching position at SBCSC because of SBCSC's failure to investigate his claims of unlawful employment harassment and SBCSC's failure to follow its own Anti-Harassment policies.

36. After Mark Johnson made his complaints of unlawful employment harassment and Defendant Dr. Spells and Defendant Bayingana failed to follow SBCSC's Anti-Harassment policies, Mark Johnson did not believe he had the support of his administration and he did not believe he could remain an effective teacher and coach since he is a Caucasian male in a school with a large minority student, teacher, and administrative population.

37. Mark Johnson agreed to teach summer school during the summer of 2017 at SBCSC.

38. However, at the June 5, 2017 School Board Meeting Mark Johnson was the only teacher not approved for summer school.

39. Mark Johnson was the only teacher singled out and not hired to teach summer school because he publicly complained about the unlawful harassment he suffered by school corporation employees.

40. Mark Johnson's allegations against the School received significant media attention by the various South Bend media outlets, including TV stations and the South Bend Tribune.

41. SBCSC, and Dr. Spells knew that by not approving Mark Johnson to teach summer school that his pension would be negatively affected because his pension is based on his last five years of income.

## Count I – Race Discrimination

42. Mark Johnson incorporates Paragraphs 1-41 into Count I.

43. Defendants, SBCSC, Dr. Kenneth Spells, and Francois Bayingana discriminated against Mark Johnson on account of Mark Johnson's race in violation of 42 U.S.C. § 2000e, *et. seq.*

44. During his employment with SBCSC, Mark Johnson was subjected to unequal terms and conditions of employment on account of his race, and as a result Mark Johnson retired from his coaching and teaching position at SBCSC.

45. Mark Johnson suffered unlawful racial harassment while employed at SBCSC.

46. Mark Johnson complained to the SBCSC administration about the unlawful racial harassment he suffered and the SBCSC failed to comply with their own Anti-Harassment policy and failed to take any steps to investigate Mr. Johnson's allegations.

47. On account of the various acts of discrimination of the Defendants, Mark Johnson has suffered a loss in wages, loss in employment benefits, and lost employment opportunities.

48. On account of the acts of discrimination of the Defendants, Mark Johnson has suffered and continues to suffer pecuniary losses, mental anguish, loss

of enjoyment of life, and other losses for which he is entitled to recover compensatory damages.

49. The acts of the Defendants relating to Mark Johnson's employment were intentional, purposeful and part of a plan or scheme to eliminate Mark Johnson, a Caucasian male, from holding a teaching and coaching position at SBCSC, and the Defendants' actions were motivated in whole or part by the race of Mark Johnson.

50. The Plaintiff is entitled to an award of punitive damages against the Defendants.

51. The Plaintiff has incurred attorneys' fees, costs, expenses and litigation expenses.

## Count II - Retaliation

52. Mark Johnson incorporates Paragraphs 1-51 into Count II.

53. SBCSC retaliated against Mark Johnson in violation of 42 U.S.C. § 2000e, *et. seq.*

54. Mark Johnson suffered various forms of unlawful racial discrimination while employed by SBCSC.

55. Mark Johnson informed South Bend Riley Principal Francois Bayingana that Mark Johnson had suffered unlawful racial discrimination.

56. Defendant Bayingana failed to investigate and follow SBCSC's Anti-Harassment policies.

57. Defendant Dr. Kenneth Spells was aware of Mark Johnson's complaints of unlawful racial harassment. Defendant Spells failed to investigate and follow SBCSC's Anti-Harassment policies.

58. After Defendants SBCSC, Bayingana, and Dr. Spells, failed to investigate and follow SBCSC's Anti-Harassment policies Mark Johnson was interviewed by various South Bend area media outlets regarding the unlawful harassment and lack of support from the SBCSC administration Mark Johnson suffered while employed at SBCSC.

59. Mark Johnson was retaliated against and subject to disciplinary action because he spoke publicly about SBCSC's failure to investigate his complaints, failure to follow their own Anti-Harassment policies, and failure to support Mark Johnson.

60. Additionally, because Mark Johnson spoke publicly about SBCSC's failure to investigate, failure to follow their Anti-Harassment policies, and failure to support him, Mark Johnson was retaliated against by SBCSC, and Dr. Kenneth Spells, and was the only teacher not approved to teach summer school in the summer of 2017 at SBCSC.

61. On account of the various acts of discrimination and retaliation of SBCSC, and Dr. Kenneth Spells, Mark Johnson has suffered a loss in wages, loss in employment benefits, and lost employment opportunities.

62. On account of the acts of discrimination and retaliation of SBCSC, and Dr. Kenneth Spells, Mark Johnson has suffered and continues to suffer pecuniary

losses, mental anguish, loss of enjoyment of life, and other losses for which he is entitled to recover compensatory damages.

63. The acts of SBCSC, and Dr. Kenneth Spells relating to Mark Johnson's employment were intentional, purposeful and part of a plan or scheme to eliminate Mark Johnson, a Caucasian male, from holding a teaching and coaching position at SBCSC, and the Defendants' actions were motivated in whole or part by the race of Mark Johnson.

64. Mark Johnson is entitled to an award of punitive damages against the Defendants.

65. Mark Johnson has incurred attorneys' fees, costs, expenses and litigation expenses.

## Count III – Negligent Failure to Supervise

66. Plaintiff incorporates paragraphs 1-65 into Count III.

67. SBCSC negligently failed to supervise its employees and failed to adequately train its employees regarding their responsibility not to commit unlawful racial harassment and SBCSC failed to train its employees regarding SBCSC's Anti-Harassment policies.

68. SBCSC owed a duty to Mark Johnson to protect him from unlawful racial harassment and to train Mark Johnson's fellow employees regarding SBCSC's Anti-Harassment policies.

69. SBCSC breached their duty to Mark Johnson by failing to train their employees against committing unlawful racial discrimination.

70. SBCBC further breached their duty to Mark Johnson by failing to train their employees regarding SBCSC's Anti-Harassment policies.

71. Mark Johnson suffered injuries and damages as a result of SBCSC's various breaches because Mark Johnson retired from his coaching and teaching positions at SBCSC because he did not believe he had the support of his employer and he did not feel he could adequately perform his job tasks as a Caucasian male teacher in a predominantly minority student, staff, and administrator school.

72. As a result of SBCSC's breaches Mark Johnson has suffered a loss in wages, loss in employment benefits, lost employment opportunities, has suffered and continues to suffer pecuniary losses, mental anguish, loss of enjoyment of life, and other losses for which he is entitled to recover compensatory damages.

## Conclusion

For the above reasons, Mark Johnson requests judgment against the Defendants jointly and severally declaring and/or awarding as follows:

1. That Mark Johnson has suffered from the Defendants' acts of discrimination and retaliation;

2. That awards Mark Johnson compensatory damages in an amount to be determined at trial;

3. That awards Mark Johnson punitive damages in an amount to be determined at trial in this matter;

4. That enjoins the Defendants from any further acts of discrimination against Mark Johnson or other person similarly situated;

5. That awards Mark Johnson his attorneys' fees, including litigation expenses, and the costs of this action, and;

6. That grants Mark Johnson all other just and proper relief in the premises.

NEWBY LEWIS KAMINSKI & JONES, LLP

By: /s/ Nicholas T. Otis

Nicholas T. Otis, # 27992-64
Attorney for Plaintiff
916 Lincolnway, P.O. Box 1816
La Porte, IN 46350
Telephone: (219) 362-1577
NTOtis@nlkj.com

**Jury Demand**

Mark Johnson, by counsel, demand trial by jury.

NEWBY LEWIS KAMINSKI & JONES, LLP

By: /s/ Nicholas T. Otis

Nicholas T. Otis,# 27992-64
Attorney for Plaintiff
916 Lincolnway, P.O. Box 1816
La Porte, IN 46350
Telephone: (219) 362-1577
NTOtis@nlkj.com

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

To: **Mark Johnson**
**17735 Fall Creek Drive**
**Granger, IN 46530**

From: **Indianapolis District Office**
**101 West Ohio St**
**Suite 1900**
**Indianapolis, IN 46204**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **470-2017-02373** | **Daphne Gilmore, Investigator** | **(317) 226-6718** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

for Daphne K Gilmore

**Michelle Eisele,**
**District Director**

AUG 09 2017
*(Date Mailed)*

Enclosures(s)

cc:

**Attn: Dr. Kenneth Spells**
**Superintendent**
**SOUTH BEND COMMUNITY SCHOOL CORPORATION**
**215 South Dr. Martin Luther King Dr.**
**South Bend, IN 46601**

**Nicholas T. Otis**
**NEWBY, LEWIS, KAMINSKI JONES, LLP**
**P.O. Box 1816**
**La Porte, IN 46352**

EXHIBIT A

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

## PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Enclosures(s)

cc: Nicholas T. Otis
NEWBY, LEWIS, KAMINSKI JONES, LLP
P.O. Box
LaPorte, IN 46352

AUG 09 2017